**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LARRY MCCURRY, JR., individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No. 25 C 12171 |
| v. | ) ) | Judge Sara L. Ellis |
| OSI INDUSTRIES, LLC, | ) ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER**

Plaintiff Larry McCurry, Jr. filed this putative class action against his former employer, Defendant OSI Industries, LLC ("OSI"). McCurry brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. 105/1 *et seq.*, alleging that OSI did not pay him and his co-workers overtime for donning and doffing personal protective equipment ("PPE") and retrieving necessary tools and gear, and also excluded non-discretionary earnings from regular rates of pay when calculating overtime. OSI has moved to stay this case pending resolution of a state court case, *Lott v. OSI Industries, LLC*, No. 2025 CH 662 (Cir. Ct. Cook Cnty.), which raises similar IMWL claims. The Court concludes that *Colorado River* abstention applies and stays McCurry's case pending resolution of the *Lott* case in state court.

**BACKGROUND**

McCurry filed this action on October 5, 2025. He alleges that he worked for OSI in its slicing department from January to May 2025. McCurry alleges that OSI did not pay its employees for time spent changing into and out of their PPE before and after their scheduled start and stop times, as well as for getting tools, protective gear, and other equipment they

needed to perform their manufacturing work, and walking to and from the locker room before and after work. He also alleges that while they received non-discretionary bonuses, OSI did not include the non-discretionary bonuses in employees' regular rates of pay for purposes of computing overtime. McCurry claims that OSI violated the FLSA and IMWL. He seeks to bring a nationwide collective action for his FLSA claim and a class action for his IMWL claim, defining the IMWL class as "all of OSI's current and former hourly employees who worked in excess of 40 hours in any given workweek for OSI, within Illinois, at any time from three years preceding the filing of this Complaint to the present." Doc. 1 ¶ 65.

On January 21, 2025, Markeith Lott, a former OSI employee in Chicago, filed a putative IMWL class action complaint against OSI in state court. Lott alleges that he worked for OSI from September 2018 to June 2024 and often worked overtime. He further alleges that he arrived at the OSI facility at which he worked before the start of his shift to perform activities necessary to prepare for the start of his shift, including donning work clothes, sanitary gear, and PPE, and walking to his assigned work location. At the end of his workday after he clocked out, Lott alleges that he walked to the locker room, removed his work clothes, sanitary gear, and PPE, and changed his shoes. Lott seeks to recover for the time he spent on these tasks, for which OSI did not compensate him, under the IMWL. Lott seeks to represent a class of "[a]ll current and former hourly paid employees of OSI who were paid for working at least 37.5 hours at an OSI warehouse in Illinois in at least one work week in the three-year period before the filing of the Original Complaint to the final resolution of this Action." Doc. 16-1 ¶ 54.

OSI filed a motion to dismiss Lott's complaint. The Seventh Circuit thereafter issued an opinion in an unrelated IMWL case, certifying the question of whether the IMWL "incorporates the exclusion from compensation for employee activities that are preliminary or postliminary to

their principal activities, as provided under the federal Portal-to-Portal Act 29 U.S.C. § 254(a)(2)" to the Illinois Supreme Court. *Johnson v. Amazon.com Servs. LLC*, 142 F.4th 932, 944 (7th Cir. 2025). The *Lott* court then stayed *Lott* pending the Illinois Supreme Court's resolution of this question. Doc. 16-3 at 2. The Illinois Supreme Court answered the question in the negative on March 19, 2026, finding that, unlike the FLSA, the IMWL does not contain exceptions for employee activities that are preliminary or postliminary to their principal activities. *Johnson v. Amazon.com Servs., LLC*, 2026 IL 132016, ¶ 1. Before this ruling, the *Lott* court denied OSI's motion to dismiss on January 13, 2026 and ordered OSI to file its answer to Lott's complaint.

## ANALYSIS

OSI moves to stay this case pursuant to the *Colorado River* doctrine pending resolution of the *Lott* case in state court. "The *Colorado River* 'doctrine allows courts to conserve judicial resources by abstaining from accepting jurisdiction when there is a parallel proceeding elsewhere.'" *Baek v. Clausen*, 886 F.3d 652, 663 (7th Cir. 2018) (citation omitted). "The primary purpose of the *Colorado River* doctrine is to conserve both state and federal judicial resources and prevent inconsistent results." *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014). The Court has discretion to stay federal proceedings pending the resolution of a state court action. *Id.* The Court must first determine if the state and federal proceedings are parallel. *Baek*, 886 F.3d at 663 (citation omitted). "If the proceedings are parallel, the court must determine if abstention is proper by weighing ten non-exclusive factors." *Id.*

3

**I.       Whether the Actions Are Parallel**

Two cases are parallel when "substantially the same parties are litigating substantially the same issues simultaneously in two fora." *Id.* at 667 (citation omitted). The primary question for determining parallelism for purposes of *Colorado River* abstention is not whether the cases are "formally symmetrical, but whether there is a 'substantial likelihood'" that the state case "will dispose of all claims presented in the federal case." *AAR Int'l Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001) (citation omitted). The two cases "need not be identical to be parallel, and the mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that they are parallel." *Baek*, 886 F.3d at 667 (citation omitted). Where a plaintiff's federal lawsuit "relies significantly on the resolution of the primary legal issue under consideration" in the state court action, the cases are sufficiently parallel to support *Colorado River* abstention. *Charles v. Bank of Am., N.A.*, No. 11 CV 8217, 2012 WL 6093903, at *4 (N.D. Ill. Dec. 5, 2012).

Admittedly, the parties are not identical in the two cases. Although OSI is a defendant in both cases, because the state court has not certified *Lott* as a class action, McCurry is not yet a party in that case. *See Christoffersen v. V. Marchese, Inc.*, No. 19-CV-1481, 2020 WL 4926663, at *3 (E.D. Wis. Aug. 21, 2020) ("[P]utative class members are not parties to the litigation until the class is certified."). But the Court may still find parallelism between the two cases because precise symmetry is not necessary. *AAR Int'l*, 250 F.3d at 518. McCurry and the named plaintiff in *Lott* share similar litigation interests, both seeking to vindicate alleged violations of the IMWL related to pre-shift and post-shift activities. *See Freed*, 756 F.3d at 1019 ("One way that parties in separate actions are considered substantially the same under the *Colorado River* doctrine is when they have 'nearly identical' interests." (citation omitted)); *Proctor & Gamble Co. v.*

4

*Alberto-Culver Co.*, No. 99 C 1158, 1999 WL 319224, at *4 (N.D. Ill. Apr. 28, 1999) (where the two cases involve different parties who share substantially similar litigation interests, parallelism may be found). The differences that McCurry highlights between Lott and himself, such as that he worked in a manufacturing facility and Lott worked in a warehouse, do not defeat a finding of substantial similarity, particularly where the *Lott* class definition could change. Nor does the fact that McCurry seeks to also represent a broader FLSA class, given that OSI only asks for a stay, not dismissal, of the claims in this federal case.

McCurry also argues that the cases are not parallel, however, because he brings claims under both the FLSA and IMWL, while *Lott* involves a narrower IMWL claim. But the FLSA and IMWL claims in this case, and the IMWL claim in *Lott*, largely depend on the same factual and legal issues. In other words, "both actions 'rely on the same factual predicate to raise substantially similar legal issues against substantially similar parties.'" *Tyrer v. City of S. Beloit*, 456 F.3d 744, 754 (7th Cir. 2006) (citation omitted). And even if the *Lott* case does not "resolve all aspects of [McCurry's] claims, it's likely that it will narrow the issues and resolve most, if not all, of the factual questions on which [McCurry's] claims are premised." *Nieves v. Bank of Am., N.A.*, No. 14-cv-2300, 2015 WL 753977, at *4 (N.D. Ill. Feb. 20, 2015). Because the resolution of the *Lott* case could dispose of a substantial portion of McCurry's claims here, the cases are parallel for purposes of the *Colorado River* doctrine. *See, e.g.*, *Karol v. Old Second Nat'l Bank*, No. 20 C 4344, 2020 WL 6343088, at *2 (N.D. Ill. Oct. 29, 2020) (finding federal action raising RESPA, ICFA, and breach of contract claims was parallel to pending state foreclosure case because the cases "involve extremely closely related legal and factual issues," including whether the mortgagee breached a valid contract and whether the mortgagee had a right to foreclose on the property); *Kent v. Celozzi-Ettleson Chevrolet, Inc.*, No. 99 C 2868, 1999 WL 1021044, at *7

(N.D. Ill. Nov. 3, 1999) ("[T]he fact that Kent has made legal claims here (including TILA and common law conspiracy) that are not included in her state court complaint does not bar application of *Colorado River*.").

## II.     Whether the *Colorado River* Factors Favor Abstention

Having determined that the state and federal actions are parallel, the Court must weigh the following factors to determine the propriety of abstention: (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the two forums obtained jurisdiction; (5) the source of governing law, state or federal; (6) the adequacy of state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.  *Baek*, 886 F.3d at 663–64 (citation omitted). The Court has "discretion to apply more significant weight and analysis to those factors that are most relevant to the case at hand."  *Freed*, 756 F.3d at 1021.  "[B]ecause of the presumption against abstention, absent or neutral factors weigh in favor of exercising jurisdiction."  *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 648 (7th Cir. 2011).

Here, although the first two factors weigh against abstention, the remainder favor abstention.  Property is not at issue and both courts are located in Chicago, so the first and second factors are neutral and weigh against abstention.  *See Stinson v. LCS Cmty. Emp. LLC*, No. 20 CV 04603, 2021 WL 4978450, at *2 (N.D. Ill. May 3, 2021); *Kane v. Bank of Am., N.A.*, No. 13 C 8053, 2017 WL 2243055, at *3 (N.D. Ill. May 23, 2017).  As for the third factor, "[p]iecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results."  *Day v. Union Mines Inc.*, 862 F.2d

652, 659 (7th Cir. 1988) (citation omitted).  Although *Lott* will determine a significant legal issue in this case, it will inevitably create piecemeal litigation because McCurry's non-IMWL claims will proceed before this Court regardless.  "But the danger of piecemeal litigation does not turn on formal identity of issues but on concerns about the efficient use of judicial resources and the public's perception of the legitimacy of judicial authority." *Tyrer*, 456 F.3d at 756.  Here, allowing the two suits to proceed concurrently would risk duplicative rulings and potentially waste judicial resources on the IMWL claim.  *See Freed*, 756 F.3d at 1022 ("When two courts are given the task to oversee similar proceedings such as pre-trial motions, discovery matters, and the consideration of similar issues, evidence, and witnesses, it is effectively 'duplicating the amount of judicial resources required to reach a resolution.'" (citation omitted)).  Additionally, if the IMWL claims proceeded concurrently in state and federal court, "inconsistent rulings could jeopardize the appearance and actuality of justice." *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1290 (7th Cir. 1988).  The Court therefore finds that the third factor favors abstention.

The fourth factor also weighs in favor of abstention because *Lott* was filed in January 2025, eight months before this case.  *See Karol*, 2020 WL 6343088, at *4 ("The Seventh Circuit has held that differences in filing times as short as between five and seventh months favor abstention."); *Delaney v. Specialized Loan Servicing, LLC*, No. 15 C 5260, 2015 WL 7776902, at *4 (N.D. Ill. Dec. 3, 2015) (fourth factor favors abstention where state action was filed before the federal action).  The fifth factor weighs slightly in favor of abstention given that Illinois law governs the IMWL claims in both cases, with the Illinois Supreme Court's recent interpretation of the IMWL in *Johnson* providing the legal framework.  And because the FLSA claim derives largely from the same facts as the IMWL claims, the *Lott* court's review of the issues may

7

influence the resolution of the FLSA claim. The sixth factor also weighs in favor of abstention. *Lott* protects McCurry's IMWL rights, and OSI requests a stay, not dismissal, of the case, which gives McCurry the "possibility to revive [his] federal litigation depending on the outcome in state court or in the unlikely event that the state court action is inadequate." *Freed*, 756 F.3d at 1023; *Restoration Servs., LLC v. R&R Boardwalk, LLC*, 2017 WL 5478304, at *6 (N.D. Ill. Nov. 15, 2017) (risk to federal plaintiffs' rights by proceeding in state court was "mitigated" where the federal case was stayed, not dismissed). Moreover, OSI agrees to toll the FLSA statute of limitations period for putative opt-in plaintiffs during the duration of the stay, addressing McCurry's concerns about the running of the limitations period during a stay.

The seventh factor also favors abstention. Since the initial filing of OSI's motion to stay in this case, the *Lott* court denied OSI's motion to dismiss and the Illinois Supreme Court answered the certified question in *Johnson*, removing any doubt that the *Lott* case no longer remains stayed. Given that OSI has not yet answered and has reserved the right to file a motion to dismiss in this case, the Court agrees with OSI that the *Lott* case has progressed further than this case. *See Bryton Props. LLC v. Cudnik*, No. 20 C 3686, 2020 WL 8620001, at *5 (N.D. Ill. Nov. 16, 2020) ("The state court proceedings are slightly more advanced than the federal proceedings, as Kids' Work has answered Bryton's complaint and filed both affirmative defenses and counterclaims."). As for the eighth factor, state and federal courts have concurrent jurisdiction over FLSA claims, 29 U.S.C. § 216(b), so the fact that *Lott* does not raise any FLSA claims does not mean that plaintiffs could not bring them there. *See Brodsky v. Blake*, No. 17-cv-05222, 2018 WL 1138539, at *13 (N.D. Ill. Mar. 2, 2018) (fact that federal claims were not asserted in state court did not weigh against abstention, where the inquiry was whether claims *could* be brought in state court). The ninth factor also supports abstention, given that *Lott* cannot

8

be removed to federal court. *See Freed*, 756 F.3d at 1023 ("The ninth factor intends to prevent a federal court from hearing claims that are closely related to state proceedings that cannot be removed."). Finally, while only slight, the Court finds that the tenth factor favors abstention given that McCurry has not provided an explanation for why he chose to proceed with a separate lawsuit against OSI instead of seeking to join *Lott* and assert any federal FLSA claims in that action. *See id.* at 1024 ("[T]his factor can weigh in favor of abstention when the claims and parties in the federal suit could have been included in the original state court proceeding.").

Therefore, because the majority of factors support abstention, the Court finds *Colorado River* abstention appropriate and stays this case pending resolution of the *Lott* case in state court.

## CONCLUSION

For the foregoing reasons, the Court grants OSI's motion to stay litigation pending resolution of parallel court proceedings [16]. The Court stays this case pending the resolution of *Lott v. OSI Industries, LLC*, No. 2025 CH 662 (Cir. Ct. Cook Cnty.). The Court tolls the FLSA limitations period for putative opt-in plaintiffs during the pendency of the stay.

Dated: March 30, 2026

SARA L. ELLIS
United States District Judge

9